**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEREMY OLSEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEX M. AZAR II, in his official ) <br> capacity as Secretary of Health and ) <br> Human Services, ) <br> ) <br> Defendant. ) <br> ) | Case No. 19-cv-3814 (RBW) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jeremy Olsen has brought this suit to challenge the government's denial of Medicare Part B coverage for supplies related to his continuous glucose monitor. From the face of his complaint, it appears that Mr. Olsen would be a member of the putative class for which certification is being sought in *Lewis v. Azar*, No. 18-cv-2929 (D.D.C.). He is represented by the same counsel as the plaintiffs in that case, and has designated this case as related to *Lewis*.

Mr. Olsen brought suit on December 23, 2019. Although he seeks judicial review of administrative action and the Secretary has not yet produced the administrative record, Mr. Olsen moved for summary judgment that same day. His motion should be denied without prejudice, as a district judge in the Northern District of California recently recognized in precisely these circumstances. In that court, Susan Zieroth—another Medicare beneficiary represented by Mr. Olsen's counsel, who would also seem to be a member of the putative *Lewis* class—moved for summary judgment a week after she filed her complaint. Mot. for Summ. J., *Zieroth v. Azar*, No. 20-cv-172 (N.D. Cal.), ECF No. 11 (Jan. 15, 2020). The court denied her motion *sua sponte* two days later, "without prejudice to refiling after defendant . . . has filed an answer and the

administrative record." Order, *Zieroth*, No. 20-cv-172 (N.D. Cal.), ECF No. 13 (Jan. 17, 2020) (attached as Exhibit A). The *Zieroth* court explained that plaintiff's motion was premature because "the instant action seeks judicial review of findings made by the Medicare Appeals Council and defendant . . . has not filed the administrative record." *Id.* So it is here.

"Agencies," not plaintiffs, "bear the responsibility of compiling the administrative record." *Univ. of Colo. Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 12 (D.D.C. 2015). In recognition of that responsibility, "[t]he record that an agency produces is entitled to a strong presumption of regularity," and may only be challenged through a motion to supplement the administrative record. *Id.* at 12–13 (quotation omitted). Absent unusual circumstances justifying supplementation, "courts confine their review to the . . . . materials compiled by the agency." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (quotation omitted). They do not review ostensibly record documents compiled by plaintiffs.

Moreover, the local civil rules of this Court provide specific procedures for motions involving judicial review of agency action. *See* Local Civil Rule 7(n). Under those rules, "the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint," unless the government files a dispositive motion requiring reference to the administrative record sooner. Local Civil Rule 7(n)(1). The administrative record is typically served on plaintiffs at the same time, and both parties then cite the record in their summary judgment briefs. Finally, counsel jointly "provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in" either of their briefs. *Id.*

The local rules set out an orderly process for judicial review of administrative action. Mr. Olsen cannot substitute a process of his own creation, in which a plaintiff moves for

summary judgment before the administrative record has been compiled, attaching ostensibly record documents to his motion.  The agency should not be expected to litigate this case on the merits without the benefit of a record that it has compiled and certified.  (Nor should the Court be expected to rule on this case in that posture.)  And the agency should not be burdened with the task of comparing plaintiff's exhibits to the administrative record, once it has been compiled, and then moving to strike any exhibits that it finds to be flawed or absent from the record.  That simply is not how cases of this kind are litigated in this Court.

Mr. Olsen makes two arguments in defense of his premature motion.  The first is that he is clearly right and the government is clearly wrong, so "there is no point in delaying resolution" of the case.  Mot. at 5, ECF No. 2 at 9.  The Secretary does not seek delay, but rather an orderly litigation in which he responds to Mr. Olsen's complaint and produces the administrative record, which then forms the basis for judicial review.  If plaintiffs who felt their cases were especially strong could proceed without an administrative record, this Court would be flooded with such motions.

Mr. Olsen's second argument is that the plain language of Rule 56(b) permits a motion for summary judgment "at any time," and that Judge Bates recently entertained a summary judgment motion filed simultaneously with the complaint in *American Hospital Association v. Department of Health & Human Services*, No. 18-cv-2112 (D.D.C.).  But that case has nothing in common with this one.  *American Hospital Association* concerned a rule whose effective date had been delayed many times.  Plaintiffs sued to challenge the legality of the most recent delay, and moved for summary judgment at the same time.  Their motion rested primarily on the adequacy of the justifications for delay articulated by the Secretary in the Federal Register, with occasional reference to other official governmental publications.  Mot. for Summ. J., *Am. Hosp.*

*Ass'n*, No. 18-cv-2112, ECF No. 2-1 (D.D.C. Sept 11, 2018).[1]  The Secretary moved to stay summary judgment briefing, but Judge Bates determined that doing so "would not serve the orderly disposition of th[e] case."  Order, *Am. Hosp. Ass'n*, No. 18-cv-2112, ECF No. 19 at 4 (D.D.C. Nov. 2, 2018).[2]  Although it did not say so explicitly, his order was surely motivated by the nature of plaintiffs' argument: that the government had unlawfully delayed the implementation of a regulation with broad national implications.

Mr. Olsen's case, by contrast, is an ordinary appeal of a denial of Medicare coverage to one individual for supplies related to one device.  His case, like all such cases, must be decided on the basis of the administrative record compiled by the agency, and not before that record is compiled.  Although there is no question that this Court has the authority to entertain a summary judgment motion at any time that it sees fit, there is no reason for it to do so now.  As the *Zieroth* court immediately recognized, a motion such as Mr. Olsen's should be denied without prejudice to refiling after the Secretary has responded to the complaint and produced the administrative record.[3]

Mr. Olsen resides in Chattaroy, WA (not far from Spokane), and his case is governed by the venue provision of the Social Security Act, 42 U.S.C. § 405(g), which provides for judicial review "in the district court of the United States for the judicial district in which the plaintiff

---

[1] Plaintiffs attached two exhibits to their motion, which they cited once in a footnote.  Mot. for Summ. J. at 22 n.8, *Am. Hosp. Ass'n*, No. 18-cv-2112, ECF No. 2-1 at 27 n.8 (D.D.C. Sept. 11, 2018).

[2] This order is also published by Westlaw, *see* 2018 WL 5777397, at *2.  Plaintiff's brief omits a numeral from the Westlaw citation.  Mot. at 5, ECF No. 2 at 9 (citing 2018 WL 577397).

[3] Should the Court wish to entertain summary judgment motions at this time, the Secretary asks that it enter a scheduling order allowing for the production of the administrative record before the Secretary must oppose summary judgment on the merits.

resides, or has his principal place of business." The complaint contains no allegations about Mr. Olsen's place of business. The Secretary therefore anticipates filing a motion to dismiss for lack of venue if Mr. Olsen will not consent to a transfer to the Eastern District of Washington. The Secretary also expects to move to dismiss at least one claim (and will review the record to assess subject matter jurisdiction).[4] Both this motion to dismiss and the eventual cross-motions for summary judgment should be decided by a court in which venue is proper.

In the meantime, Mr. Olsen's premature motion for summary judgment should be denied without prejudice, in an order making clear that a renewed motion for summary judgment may only be filed pursuant to a schedule duly entered by this Court or any court to which this case is transferred. *See* Fed. R. Civ. P. 56 advisory committee's notes (2009 amendment) ("Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time . . . .").

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                MICHELLE BENNETT
                Assistant Director, Federal Programs Branch

                */s/ James Bickford*
                JAMES BICKFORD
                Trial Attorney (N.Y. Bar No. 5163498)
                United States Department of Justice
                Civil Division, Federal Programs Branch
                1100 L Street, NW
                Washington, DC 20530
                James.Bickford@usdoj.gov

---

[4] The Secretary further anticipates filing a motion for a brief extension of time in which to respond to the complaint. His response is currently due March 2, and he expects the administrative record to be ready for review several days later.

Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: February 10, 2020          *Counsel for Defendant*