IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY OLSEN,<br><br>    *Plaintiff,*<br><br>v.<br><br>ALEX AZAR, in his capacity as Secretary of the United States Department of Health and Human Services,<br><br>    *Defendant.* | Case No. 1:19-cv-03814 |

## **REPLY IN SUPPORT OF**
## **MOTION FOR SUMMARY JUDGMENT**

Mr. Olsen's motion for summary judgment should be granted.

The Secretary choose not to respond on the substance to Mr. Olsen's motion. Instead, the Secretary presents a series of procedural arguments none of which demonstrate a genuine issue of material fact or otherwise indicate a reason not to grant Mr. Olsen's motion for summary judgment. Accordingly, Mr. Olsen's motion for summary judgment should be granted.

### **DISCUSSION**

The Secretary response is founded on the claim that Mr. Olsen's motion for summary judgment is "premature" and arguments concerning venue.[1]

---

[1] The Secretary's comments about the *Lewis v. Azar* case are irrelevant. Opp at 1. Of course, no class has been certified in the *Lewis* case and, even if one were, Mr. Olsen would have the right to opt-out and separately litigate his own case as he is doing here.

**Mr. Olsen's Motion is Timely**

The Secretary's basic claim that Mr. Olsen's motion is "premature" is incorrect. As noted in the comments to Fed.R.Civ.P. 56, a motion for summary judgment may be filed at the commencement of a case. Further, in APA cases, such a motion is particularly appropriate. *See American Hospital Assoc. v. HHS*, 2018 WL 5777397 (D.D.C. Nov. 2, 2018) (Bates, J.) (motion for summary judgment filed concurrently with Complaint appropriate, especially in APA cases). In addition, of course, proceeding in this fashion is consistent with Fed.R.Civ.P. 1 ("just, speedy, and inexpensive determination").

The Secretary's citation to the proceedings in *Zieroth v. Azar*, Case No. 20-cv-172 (N.D. Cal.) is particularly inappropriate. As noted there, since July 21, 2017, Mrs. Zieroth has been litigating the issue of CGM coverage (*i.e.*, whether a CGM is "primarily and customarily used to serve a medical purpose"). One feature of the Secretary's intransigence in the face of the multiple district courts that have issued decisions against the Secretary on this issue and the overall tactic of delay is that justice is being denied Medicare beneficiaries. Indeed, tragically, Mrs. Zieroth passed away on February 7, 2020. Thus, two and a half years of baselessly asserting that a CGM is not "primarily and customarily used to serve a medical purpose" succeeded in denying Mrs. Zieroth justice on her claim.[2] Mr. Olsen is not eager to repeat the delayed litigation experience.

In any event, that the Court there chose to defer ruling on Mrs. Zieroth's motion for summary judgment indicates nothing about how this Court should handle the matter. Here, Mr. Olsen has attached all the relevant materials to his motion for summary judgment and the Secretary does not contest that those materials form the relevant part of the Record.

---

[2] Mrs. Zieroth's estate will continue the litigation.

Remarkably, the Secretary asserts that he "does not seek delay" (Opp. at 3) before literally stating his intention to do so in a footnote. Opp. at 5, n. 4.

Pursuant to 42 U.S.C. § 405(g) (as modified by 42 U.S.C. § 1395ff(b)(1)(A)), "[a]s part of the [Secretary's] answer the [Secretary] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."[3] While it is certainly true that this provision places the responsibility to compile and file a certified copy of the Record on the Secretary, nothing precludes a plaintiff from attaching the relevant materials to a motion (as Mr. Olsen did here) rather than suffering further delay.

Nothing in LCvR 7(n) precludes a party from proceeding as Mr. Olsen has in this case. All that the Local Rule requires is that *after* the summary judgment briefing is complete, the parties are required to file an appendix containing only the materials relied in on the papers. Mr. Olsen intended/intends to fully comply with that requirement. Indeed, given that the Secretary did not cite any materials in his opposition and that Mr. Olsen already included those materials in his own motion, it would appear that the Rule has been satisfied.

At the end of the day, none of the Secretary's efforts are focused on defending the merits (or lack thereof) of the Secretary's position. Instead, they are simply about delay and there is no sound reason to disregard Fed.R.Civ.P. 1 ("just, speedy, and inexpensive determination"). Given the Secretary's non-opposition, Mr. Olsen's motion for summary judgment should be granted.

**The Secretary's Comments Concerning Venue/Dismissal**

The Secretary closes his response with comments regarding venue and his stated intention to file a motion to dismiss based on venue. Opp. at 4-5. Of course, no such motions have been

---

[3] Respectfully, it is vert difficult to square Congress' command that "[a]s part of the …answer the [Secretary] shall file a certified copy of the transcript of the record" with LCvR 7(n) which allows the Secretary to file the Record up to 30 days after the Answer.

filed. Moreover, an objection based on venue would be odd given that Mr. Olsen filed suit in the Secretary's home district. However, such an approach would be consistent with the goal of delay. In any event, the possibility that the Secretary might file something in the future is no basis to deny Mr. Olsen's fully briefed and supported motion for summary judgment.

## CONCLUSION

For the reasons set forth in Mr. Olsen's motion for summary judgment, the motion should be granted.

Dated: February 18, 2020

Respectfully submitted,

/s/ Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
jblumenfeld@lowenstein.com

*Attorneys for Plaintiff*

*Of Counsel, Admitted Pro Hac Vice*

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile: (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiff*