**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEREMY OLSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 19-cv-3814 (RBW) |
| ALEX M. AZAR II, in his official | ) |
| capacity as Secretary of Health and | ) |
| Human Services, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO DISMISS FOR LACK OF VENUE AND TO DISMISS CERTAIN CLAIMS**

Plaintiff Jeremy Olsen resides in Chattaroy, Washington, not far from Spokane. He has brought this suit to challenge the government's denial of Medicare Part B coverage for supplies related to his continuous glucose monitor. Under the Social Security Act, as incorporated by the Medicare statute, such a suit must "be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g); *see id.* § 1395ff(b)(1)(A) (authorizing "judicial review of the Secretary's final decision . . . as is provided in section 405(g) of this title"). Mr. Olsen does not reside in the District of Columbia, and has not alleged that his principal place of business is here. This Court, therefore, is not a proper venue for his case. The Secretary of Health and Human Services moves to dismiss this suit for lack of venue, although the Secretary would not oppose a transfer to the United States District Court for the Eastern District of Washington. *See* 28 U.S.C. § 1406(a).

The Secretary also moves to dismiss two of the six claims asserted here for failure to state a claim on which relief can be granted. If this Court transfers the case to another district, it should leave the Rule 12(b)(6) motion for that court to resolve.

**BACKGROUND**

**A.     Medicare and its Claim Appeal Process**

Medicare is a federal health insurance program for the elderly and disabled, *see* 42 U.S.C. § 1395 *et seq.*, which is administered on behalf of the Secretary of Health and Human Services by the Centers for Medicare & Medicaid Services (CMS).  Part A of the Medicare statute "covers medical services furnished by hospitals and other institutional care providers."  *Ne. Hosp. Corp. v. Sebelius*, 657 F.3d 1, 2 (D.C. Cir. 2011) (citing 42 U.S.C. §§ 1395c to 1395i-5).  Medicare Part B "is an optional supplemental insurance program that pays for medical items and services not covered by Part A, including outpatient physician services" and "durable medical equipment," among other things.  *Id.* (citing 42 U.S.C. §§ 1395j to 1395w-4).  This case presents the question of whether a certain continuous glucose monitor is durable medical equipment under the statute and regulations.  *See* 42 U.S.C. § 1395x(n); 42 C.F.R. § 414.202.

Medicare beneficiaries submit claims for coverage of durable medical equipment to administrative contractors (formerly known as fiscal intermediaries) hired by the agency to make initial coverage determinations.  42 C.F.R. § 405.920 *et seq.*; *see Porzecanski v. Azar*, 316 F. Supp. 3d 11, 15 (D.D.C. 2018); 42 U.S.C. § 1395ff(a)(1) (authorizing the Secretary to "promulgate regulations and make initial determinations with respect to benefits under . . . part B of this subchapter").  "If the beneficiary disagrees with the contractor's initial determination," she "may request a 'redetermination' by the same contractor."  *Porzecanski*, 316 F. Supp. 3d at 15 (citing 42 C.F.R. § 405.940); *see* 42 U.S.C. § 1395ff(a)(3).  If the beneficiary remains unsatisfied, she may request "reconsideration" of her claim by another contractor, known as a "qualified independent contractor."  42 C.F.R. § 405.960 *et seq.*; *see* 42 U.S.C. § 1395ff(c).

A dissatisfied beneficiary may then request a hearing before an administrative law judge (ALJ), 42 C.F.R. § 405.1000(a), if she satisfies the amount-in-controversy requirement. 42 U.S.C. § 1395ff(b)(1)(E); 84 Fed. Reg. at 53,445 (minimum amount in controversy for ALJ review now $170). After the ALJ issues a decision, the beneficiary or CMS may seek review by the Medicare Appeals Council, 42 C.F.R. § 405.1100 *et seq.*; *see id.* § 405.1102, which makes the final decision for the Secretary, *id.* § 405.1130. If the beneficiary is not satisfied with the decision of the Medicare Appeals Council, she may then seek judicial review, subject to another amount-in-controversy requirement. 42 U.S.C. § 1395ff(b)(1)(E); 84 Fed. Reg. at 53,445 (establishing $1,630 minimum amount in controversy for judicial review in 2019).

**B.      Factual Allegations**

Jeremy Olsen is a Medicare beneficiary who resides in Chattaroy, WA. Corrected Compl. Caption & ¶ 4, ECF No. 3-1 (hereafter "Compl."). In July 2018, a Medicare administrative contractor denied three claims totaling $2,444 for supplies related to Mr. Olsen's continuous glucose monitor. *Id.* ¶¶ 53–54. That denial was upheld on redetermination and reconsideration, but reversed by an administrative law judge. *Id.* ¶¶ 55–57. CMS then sought review by the Medicare Appeals Council, which denied coverage on July 23, 2019. *Id.* ¶¶ 58–59. After receiving two extensions, Mr. Olsen filed a timely suit for judicial review of the Secretary's decision. *Id.* ¶ 60.

## LEGAL STANDARD

**A.      Rule 12(b)(3)**

Federal Rule of Civil Procedure 12(b)(3) governs motions to dismiss for "improper venue." "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law for the Court." *Estate of Abtan v. Blackwater Lodge & Training Ctr.*, 611

F. Supp. 2d 1, 7 (D.D.C. 2009) (Walton, J.) (quoting *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53–54 (D.D.C. 2006)); *accord Gage v. Somerset County*, 369 F. Supp. 3d 252, 258 (D.D.C. 2019); *Jalloh v. Underwood*, 300 F. Supp. 3d 151, 154–55 (D.D.C. 2018); *Dumitrescu v. DynCorp Int'l, LLC*, 257 F. Supp. 3d 13, 17 (D.D.C. 2017) (all quoting *Williams v. GEICO Corp.,* 792 F. Supp. 2d 58, 62 (D.D.C. 2011)).  In the case of factual disputes, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)).  "Ultimately, however, 'it is the plaintiff's obligation to institute the action in a permissible forum;' consequently, 'the plaintiff usually bears the burden of establishing that venue is proper.'" *Estate of Abtan*, 611 F. Supp. 2d at 7 (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)); *accord* Charles Alan Wright & Arthur R. Miller, 14D Federal Practice & Procedure § 3826 & n.25 (4th ed.) (explaining that "the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue," which "is consistent with the plaintiff's threshold obligation to show that the case belongs in the particular district court in which suit has been instituted," and collecting D.D.C. cases to that effect).

**B.     Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, to survive a motion to dismiss for "failure to state a claim upon which relief may be granted," Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that the plaintiff is entitled to "the benefits of all inferences that can be derived from the facts alleged"). Although the Court must accept the facts pleaded as true, legal allegations devoid of factual support are not entitled to this presumption. *See, e.g.*, *Kowal*, 16 F.3d at 1276.

## ARGUMENT

**A.      Venue for this case lies in the Eastern District of Washington, not the District of Columbia.**

Venue for judicial review of most Medicare coverage determinations is governed by 42 U.S.C. § 405(g), which requires that suit "be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." *See id.* § 1395ff(b)(1)(A) (authorizing "judicial review of the Secretary's final decision . . . as is provided in section 405(g) of this title"). Plaintiff Jeremy Olsen resides in the Eastern District of Washington, and has not alleged a principal place of business. *See* Compl. Caption & ¶ 4. The District of Columbia is therefore an improper venue for his action. *De La Rosa v. Sec'y of Health & Human Servs.*, 2018 WL 2944433, at *2 (W.D. Tex. June 12, 2018); *Korenchuk v. Sullivan*, 1993 WL 90342, at *4 (D. Conn. Jan. 13, 1993) (both finding venue improper where Medicare Part B beneficiary did not reside in the district where suit was filed); *see Michener v. Saul*, 2019 WL 3238582, at *3 (D.D.C. July 18, 2019) ("Michener resides in the Northern District of California, and there is no allegation that she has a principal place of business elsewhere. Venue [under § 405(g)] is therefore improper in the District of Columbia."); *Jones v.*

*United States*, 813 F. Supp. 2d 210, 213–14 (D.D.C. 2011) (venue improper under § 405(g) where plaintiff resided and had his principal place of business in Cleveland).

Congress has made the District of Columbia a proper venue for certain Medicare cases, regardless of the plaintiff's residence.  Where 42 U.S.C. § 1395ff(b)(2)(C)(iii) applies, suit may "be brought in the district court of the United States for the judicial district in which the appellant is located . . . or in the District Court for the District of Columbia."  Mr. Olsen invokes this venue provision, *see* Compl. ¶ 3, but it does not apply to his case.

The whole of 42 U.S.C. § 1395ff(b)(2) concerns "Expedited access to judicial review," which may be obtained only "when a review entity . . . determines that the Departmental Appeals Board does not have the authority to decide the question of law or regulation relevant to the matters in controversy and that there is no material issue of fact in dispute."  *Id.* § 1395ff(b)(2)(A).  "If the appropriate review entity" either grants expedited judicial review or fails to decide the issue within the time allowed, "then the appellant may bring a civil action as described in this subparagraph."  *Id.* § 1395ff(b)(2)(C)(i).  "[T]his subparagraph" is 42 U.S.C. § 1395ff(b)(2)(C), which contains the venue provision on which Mr. Olsen would rely, authorizing suit in this district.  Mr. Olsen, however, did not seek expedited judicial review.  *See* 42 C.F.R. § 405.990 (establishing expedited judicial review process for Medicare beneficiaries).  He simply appealed his claim through the normal administrative process, and ultimately received an unfavorable ruling from the Medicare Appeals Council.  Compl. ¶¶ 54–59.

Because Mr. Olsen did not seek expedited judicial review, he may not avail himself of the special venue provision that applies to such cases.  Congress often channels cases of particular intricacy or importance to this district, particularly when they involve questions of administrative law.  But Mr. Olsen's case does not come within the channeling mechanism that

Congress devised, and he therefore cannot avail himself of the special venue provision for such cases. If Mr. Olsen can maintain his suit in this district, then every beneficiary may bring any Medicare coverage challenge here, no matter how mundane. Congress did not intend that result, and this Court should not allow it.

Mr. Olsen may note that venue was equally improper in *Lewis v. Azar*, No. 18-cv-2929, where his counsel represent a putative class of which he would be a member (but from which he apparently intends to opt out). That is true. Improper venue is a waivable personal defense. *E.g.*, *Dalton Trucking, Inc. v. U.S. E.P.A.*, 808 F.3d 875, 880 (D.C. Cir. 2015) ("Parties normally may consent to be sued in a court that would otherwise be an improper venue. And a party's failure to object to venue may waive the issue.") (citations omitted). That the Secretary agreed to litigate a putative class action with nationwide implications in this Court does not obligate him to waive venue in every ordinary Medicare coverage dispute, especially when doing so could severely prejudice his position in that putative class action.[1]

Mr. Olsen may also suggest that the Secretary's motion is motivated by a desire to delay the resolution of this case. That is demonstrably untrue. More than a month ago, counsel for the Secretary informed Mr. Olsen that the District of Columbia was an improper venue, explained why in substantially the terms set out above, and offered to join or consent to a motion to transfer this case to the Eastern District of Washington. Mr. Olsen's refusal to accept this offer has already delayed his case by a month, and any further delays resulting from his insistence on an improper venue cannot fairly be charged to the Secretary.

---

[1] As the Secretary has explained, resolving this case on the merits before deciding the class certification issue in *Lewis* "would commit the Court to a substantive outcome in [*Lewis*] before potential class members had to decide whether to be bound by the Court's decision." *Lewis*, No. 18-cv-2929, ECF No. 60 at 2 n.1 (D.D.C. Mar. 16, 2020).

In any event, the Court's analysis is constrained by the clear language of Congress, which required that this suit "be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g); s*ee id.* § 1395ff(b)(1)(A). Mr. Olsen does not reside in the District of Columbia, nor have his principal place of business here. And so he cannot maintain his suit here. This Court should dismiss his case for improper venue, or else transfer it to the United States District Court for the Eastern District of Washington. *See* 28 U.S.C. § 1406(a).

**B.      Two claims must be dismissed under Rule 12(b)(6).**

The complaint alleges six claims, two of which must be dismissed for failure to state a claim on which relief can be granted.

First, the Court must dismiss the claim alleging a violation of 5 U.S.C. § 706(1), which empowers district courts to "compel agency action unlawfully withheld or unreasonably delayed." Compl. ¶¶ 61–63. Mr. Olsen does not allege that any agency action has been withheld or delayed here. As the Supreme Court has explained, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). The D.C. Circuit has therefore upheld the dismissal of "a § 706 failure-to-act claim" where the complaint did not "identify a legally required, discrete act that the [agency] has failed to perform." *Montanans For Multiple Use v. Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009). The complaint identifies no such action unlawfully withheld. Instead, it seeks judicial review of the action actually taken by the Secretary: denial of Medicare benefits. The claim brought under § 706(1) must be dismissed.

Second, the Court must dismiss the claim alleging a violation of 5 U.S.C. § 706(2)(D), which grants district courts the authority to hold unlawful agency action that is taken "without observance of procedure required by law."  Compl. ¶¶ 70–72.  But the complaint identifies no such procedural violation, nor any related injury to Mr. Olsen.  Because the complaint does not adequately allege procedural error, the § 706(2)(D) claim must also be dismissed.

## CONCLUSION

Because this Court is not "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business," 42 U.S.C. § 405(g), Mr. Olsen cannot maintain his case here.  And any court to which this case may be transferred should dismiss two claims under Rule 12(b)(6).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: March 23, 2020              *Counsel for Defendant*