IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY OLSEN,<br><br>*Plaintiff,*<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services,<br><br>*Defendant.* | Case No. 19-cv-03814 (RBW) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Jeremy Olsen, files this opposition to the Secretary's motion to dismiss. In short, for the reasons set forth below, this case should be transferred to the Eastern District of Washington. The Secretary's other objections to the Complaint are without merit.

### FACTUAL BACKGROUND

As set forth in the Complaint, Mr. Olsen is a 41-year old father of three and journeyman carpenter. First diagnosed at the age of nine, Mr. Olsen is a Type I, "brittle" diabetic with hypoglycemic unawareness (*i.e.*, he has no physical sensations when his glucose levels are abnormal). As a result of his diabetic condition, Mr. Olsen suffered from kidney failure and subsequently had a kidney transplant.

Subsequently, Mr. Olsen was prescribed a Medtronic MiniMed continuous glucose monitor (CGM). Mr. Olsen's CGM is necessary to control his diabetes and as a result protect his transplanted kidney. Uncontrolled diabetes could lead to the failure of Mr. Olsen's transplanted kidney.

While Mr. Olsen's claim for Medicare approval of his CGM supplies was initially denied as not "durable medical equipment", when he reached the Administrative Law Judge stage, ALJ

Lambert found otherwise and approved Mr. Olsen's claim. Subsequently, on July 23, 2019, the Medicare Appeals Council/Departmental Review Board reversed Judge Lambert - holding that a CGM is not "durable medical equipment" because it is not "primarily and customarily used to serve a medical purpose."

The issuance of the MAC/DAB decision required Mr. Olsen to file suit within 60 days if he desired judicial review. *See* 42 U.S.C. 405(g). Mr. Olsen subsequently sought two extensions to file suit in federal court, which the Secretary granted, the last of which expired on December 30, 2019.

On December 23, 2019 (*i.e.*, shortly before the deadline), Mr. Olsen filed suit in this Court. Mr. Olsen did so based on a reading of 42 U.S.C. § 1395ff(b)(2)(C)(iii) that allowed for venue in the Secretary's home district and because currently pending before this Court is the *Lewis v. Azar* matter where the identical factual/legal issues are in dispute.

## DISCUSSION

**The Secretary's Objection Based on Venue**

Relying on a reading of 42 U.S.C. § 1395ff(b)(2)(C)(iii) that allowed for suit in the Secretary's home district (consistent with traditional notions of venue), this suit was filed shortly before the expiration of the extended 60-day deadline to do so. On further review, plaintiffs do not dispute that 42 U.S.C. § 405(g)'s venue provision (rather than § 1395ff(b)(2)(C)(iii)'s) is applicable in this case.

That said, compliance with a venue statute is a matter that may be waived by a defendant. *See* Fed.R.Civ.P. 12(b). In the present case, the Secretary is choosing to object to venue in his home district. By doing so, rather than a single judge deciding the same issue in both this case and the *Lewis v. Azar* case, the Secretary is multiplying the litigation and forcing a sixth federal judge

to consider the Secretary's claim that a CGM is not "primarily and customarily used to serve a medical purpose."[1] As previously noted, every federal judge that has considered the matter so far has concluded that the Secretary's position is without merit, lacking in "substantial justification", and order the Secretary to pay opposing counsel's attorney's fees for litigating the matter.

It is unfortunate that the Secretary has chosen to cause this massive waste of judicial resources.

### This Case Should be Severed and Transferred

Where an objection to venue is made and sustained, pursuant to 28 U.S.C. § 1406(a), the Court may dismiss the case or, if in the interest of justice, transfer the case to a district in which it could have been brought. As a general matter, when transfer is possible, the interest of justice requires transfer rather than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1982). An additional factor favoring transfer, rather than dismissal, is whether the post-filing expiration of a statute of limitations would bar/potentially bar re-filing. *See, e.g., Bell v. Esper*, 2019 WL 6910032 (December 19, 2019 D.D.C.) (transfer because 60-day window to file MSPB claim had passed); *De Leon v. KBR, Inc.*, 2012 WL 1606068 (May 8, 2012 D. Hawaii).

Pursuant to 42 U.S.C. § 405(g), a party appealing a final, negative decision by the Secretary must file suit within 60 days. As noted in the Complaint and above, with the extensions granted, Mr. Olsen's deadline to file suit to meet the 60-day requirement was December 30, 2019. Accordingly, if Mr. Olsen's case were dismissed, he would be barred/potentially barred from re-filing because the 60-day deadline to file suit passed in December 2019.

---

[1] Federal courts in Wisconsin, Massachusetts, and Vermont have already decided this issue against the Secretary. In addition to the *Lewis v. Azar* case currently pending before this Court, the same issue is currently pending before a federal court in California (*see Zieroth v. Azar*). Thus, the addition of a Washington State federal court will make six federal judges addressing the same issue.

Accordingly, pursuant to FED.R.CIV.P. 21, Plaintiffs request that Mr. Olsen's case be transferred to the United States District Court for the Eastern District of Washington. It does not appear that the Secretary opposes severing and transferring the cases as proposed. *See* Dkt. #11 at 1.

**The Secretary's Other Objections Are Without Merit**

The Secretary's objection to Count I ((5 U.S.C. § 706(1) – "unlawfully withheld or unreasonably delayed") is without merit. The Secretary asserts that the Complaint does not allege a "legally required, discrete act" that the Secretary has failed to perform. Mot. at 8. That is simply not so.

Paragraph 25 of the Complaint alleges that Medicare covers "durable medical equipment", *citing* 42 U.S.C. § 1395x(n). Paragraph 59 alleges that the Medicare Appeals Council reversed the prior, favorable ALJ ruling and held that Mr. Olsen's claim was denied on the grounds that a CGM is not "durable medical equipment." Finally, Count I asks the Court to determine that a CGM is "durable medical equipment" and reverse the Secretary's decision otherwise and order coverage as unlawfully withheld or unreasonably delayed. Complaint at ¶¶ 61-63. Thus, the Secretary's objection is without merit.

Likewise, the Secretary's objection to Count IV ((5 U.S.C. § 706(2)(D) – "without observance of procedure required by law") is without merit. The Secretary asserts that the Complaint alleges no such procedural requirement or violation. Mot. at 9. Again, that is simply not so.

Paragraphs 26 and 27 of the Complaint detail the requirement for notice and comment applicable to the Medicare statute, *citing* 42 U.S.C. § 1395hh(2). Thereafter, the Complaint alleges that without complying with those provisions, the Secretary issued CMS 1682-R and incorporated

it into LCD L33822 and Policy Article A52464. Complaint at ¶¶ 28-36. Relying at least in part on CMS 1682-R, the Complaint alleges that Mr. Olsen's claim for Medicare CGM coverage was denied. *See* Complaint at ¶¶ 55, 58 and 59. Finally, specifically referring to the notice and comment requirements, Count IV asks the Court to determine that the Secretary's decision denying coverage based (at least in part on CMS 1682-R) was done without observance of the procedure required by law. Thus, the Secretary's objection is without merit.

## CONCLUSION

For the reasons set forth above, the Secretary's motion to dismiss should be denied. Mr. Olsen's case should be transferred to the United States District Court for the Eastern District of Washington. The Secretary's other objections should be denied.

Dated: April 6, 2020

Respectfully submitted,

/s/ Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
jblumenfeld@lowenstein.com
*Attorneys for Plaintiff*

and

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile: (412) 561-6253
james@dparrishlaw.com
*Attorneys for Plaintiff, Admitted Pro Hac Vice*