## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEREMY OLSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 19-cv-3814 (RBW) |
| ALEX M. AZAR II, in his official | ) | |
| capacity as Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY IN SUPPORT OF THE SECRETARY'S
## MOTION TO DISMISS FOR LACK OF VENUE AND TO DISMISS CERTAIN CLAIMS

Plaintiff Jeremy Olsen now concedes that this Court is an improper venue for his case, and asks that it be transferred to the United States District Court for the Eastern District of Washington, pursuant to 28 U.S.C. § 1406(a).  *See* ECF No. 12 at 2–4.  The Secretary consents to that relief.  Mr. Olsen opposes the dismissal of two of his claims and the Secretary replies to his opposition here, although the motion should be decided by a court in which venue is proper.

As the Secretary has explained, the Court must dismiss the claim brought under 5 U.S.C. § 706(1), which empowers district courts to "compel agency action unlawfully withheld or unreasonably delayed."  *See* Compl. ¶¶ 61–63.  Mr. Olsen does not allege that the Secretary has failed to take some required action: there is no dispute that the Secretary adjudicated his claim for benefits.  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (explaining that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*" (emphasis in original)).  Rather, Mr. Olsen argues that the Secretary's adjudication was substantively invalid, that his claim for benefits was denied when it should have been approved.  *See* ECF No. 12 at 4.  That simply is not a § 706(1)

claim. *See Montanans For Multiple Use v. Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009) (upholding the dismissal of "a § 706 failure-to-act claim" where the complaint did not "identify a legally required, discrete act that the [agency] has failed to perform"). Section 706(1) provides for "judicial review of agency inaction," *Norton*, 542 U.S. at 61, not cases in which plaintiffs challenge the substantive validity of agency action. Mr. Olsen can attempt to show that the Secretary's decision was "arbitrary, capricious, . . . or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "short of statutory right," *id.* § 706(2)(C), or "unsupported by substantial evidence," *id.* § 706(2)(E). But he cannot bring a failure-to-act case when the Secretary has actually adjudicated his claim for benefits. Mr. Olsen's claim under § 706(1) must be dismissed.

Second, the Court should dismiss the claim alleging a violation of 5 U.S.C. § 706(2)(D), which grants district courts the authority to hold unlawful agency action that is taken "without observance of procedure required by law." Compl. ¶¶ 70–72. Mr. Olsen has sought "judicial review of the Secretary's final decision" denying his claim. 42 U.S.C. § 1395ff(b)(1)(A). There is no allegation that the Secretary's decision itself was procedurally invalid. The complaint makes reference to 1) a CMS Ruling, which is an agency document that binds the Medicare Appeals Council, but not this Court, to its views, *see* 42 C.F.R. §§ 401.108, 405.1063(b); 2) a local coverage determination (LCD), which is a decision by a Medicare administrative contractor "respecting whether or not a particular item or service is covered" by that contractor, 42 U.S.C. § 1395ff(f)(2)(B), but does not bind this Court or higher levels of the administrative appeals process, *see id.* § 1395ff(c)(3)(B)(ii)(II); and 3) a policy article, which is a guidance document with no binding weight at any level of the administrative appeal process, *see* 85 Fed. Reg. 19,230, 19,266 (Apr. 6, 2020) (explaining that Policy "Articles are often published alongside LCDs and contain coding or other guidelines that complement an LCD").

This Court has no jurisdiction to review the policy article, which is not final agency action (because it is not binding at any level), and has nothing to do with Mr. Olsen's claim here. *See, e.g.*, *Jordan Hosp. v. Leavitt*, 571 F. Supp. 2d 108, 113–14 (D.D.C. 2008) (discussing review of final agency action under the Medicare statute).  Judicial review of local coverage determinations is available through a special statutory mechanism that Mr. Olsen did not invoke. 42 U.S.C. § 1395ff(f)(2)(A)(iv) (providing for judicial review of the validity of a local coverage determination after a separate administrative review process).  This Court has no jurisdiction to review a local coverage determination outside of that process.  *Vertos Med., Inc. v. Novitas Solutions, Inc.*, 2012 WL 5943542, at *3–*4 (S.D. Tex. Nov. 27, 2012); *see Porzecanski v. Azar*, 943 F.3d 472, 482 (D.C. Cir. 2019) ("[T]o the extent [a beneficiary] desires broader relief outside the case-by-case adjudicatory model, he has a clear administrative path to challenge an LCD . . . , *see* 42 U.S.C. § 1395ff(f)(2)(A), . . . subject . . . to *judicial review after final agency action*." (citing 42 U.S.C. § 1395ff(f)(2)(A)(iv) (emphasis added)); *California Clinical Lab. Ass'n v. Sec'y of Health & Human Servs.*, 104 F. Supp. 3d 66, 72 (D.D.C. 2015).  Mr. Olsen, moreover, has not alleged that the local coverage determination played any meaningful role in the ultimate denial of his claim for benefits.

As for the CMS Ruling, this Court can review the *substantive* validity of its interpretation of the Medicare statute and regulations to the extent that it was the basis for "the Secretary's final decision" denying Mr. Olsen's claim, which is the final agency action at issue here.  42 U.S.C. § 1395ff(b)(1)(A).  As to any *procedural* infirmity, if Mr. Olsen's allegation is that a) the CMS Ruling was invalidly issued and b) the Secretary's final decision was tainted by his reliance on a procedurally invalid Ruling, then this Court could consider that argument in reviewing the Secretary's decision itself.  But that argument would not lead to the direct invalidation of the

CMS Ruling (which is not before this Court), nor the principal relief that Mr. Olsen appears to be seeking: an order that the Secretary approve his claim for benefits.  If the Secretary's final decision improperly relied on a procedurally invalid CMS Ruling, then the remedy is a remand so that the Secretary can decide Mr. Olsen's claim without reference to the disputed Ruling.  *See Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1111 (D.C. Cir. 2014).  If Mr. Olsen wishes to assert the claim that the Secretary's final decision was invalid because it relied on a procedurally infirm CMS Ruling, he should be given leave to amend his complaint to do so clearly, rather than leaving the Court and the Secretary to guess.  But from the face of the present complaint, it appears that he is seeking a substantive reversal of the Secretary's final decision, and so his claim alleging a procedural violation of 5 U.S.C. § 706(2)(D) must be dismissed.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: April 13, 2020                              *Counsel for Defendant*