UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY OLSEN,<br><br>   Plaintiff,<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as the Secretary of the United States Department of Health and Human Services,<br><br>   Defendant. | Civil Action No. 19-3814 (RBW) |

## ORDER

The plaintiff, Jeremy Olsen, brings this civil action pursuant to Title XVIII of the Social Security Act (the "Social Security Act"), 42 U.S.C. §§ 1395–1395lll (2018), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 (2018), against Alex M. Azar II, in his official capacity as the Secretary of the United States Department of Health and Human Services (the "Department").  See Corrected Complaint (the "Complaint" or "Compl.") at 1. Currently pending before the Court is the Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."), and the defendant's Motion to Dismiss for Lack of Venue and to Dismiss Certain Claims ("Def.'s Mot."), in which the defendant seeks (1) the dismissal of certain of the plaintiff's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) dismissal of the plaintiff's Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer this case to the United States District Court for the Eastern District of Washington in the interest of justice pursuant to 28 U.S.C. § 1406 (2018).

Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must deny as moot without prejudice the plaintiff's motion for summary judgment, and grant in part and deny in part as moot without prejudice the defendant's motion.[2]

## I. BACKGROUND

Because the merits of the plaintiff's suit are not relevant to the question currently pending resolution by this Court, the facts will be discussed only to the extent necessary to resolve the pending motions.

The plaintiff is a Medicare beneficiary who resides in Chattaroy, Washington. See Compl. ¶ 4; Def.'s Mot. at 1, 3. On July 13, 2018, the plaintiff's claim for Medicare coverage for supplies related to his continuous glucose monitor was denied by an administrative contractor who was hired by the Department to make an initial coverage determination. See Compl. ¶¶ 52–54; Def.'s Mot. at 2. Thereafter, although that initial denial was upheld on redetermination and reconsideration, see Compl. ¶¶ 55–56, it was ultimately reversed by an administrative law judge, id. ¶¶ 56–57. On July 23, 2019, however, the Medicare Appeals Council reversed the administrative law judge's decision and denied the plaintiff's claim for coverage. Id. ¶ 59.

On December 23, 2019, the plaintiff filed suit in this Court, seeking, inter alia, for "the Court to reverse the [defendant's] [d]ecision and issue an order finding that [the plaintiff's]

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Def.'s Opp'n"); (2) the Reply in Support of Motion for Summary Judgment ("Pl.'s Reply"); (3) the Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"); and (4) the Reply in Support of the Secretary's Motion to Dismiss for Lack of Venue and to Dismiss Certain Claims ("Def.'s Reply").

[2] Because the Court concludes that venue is improper in this district, it declines to address the merits of either the plaintiff's motion for summary judgment or the defendant's argument that two of the plaintiff's claims should be dismissed for failure to state a claim. See Fam v. Bank of Am. NA (USA), 236 F. Supp. 3d 397, 409 (D.D.C. 2017) (noting that the Court "declines to decide the merits of the plaintiff's claim when it has already determined that it is an improper venue for adjudicating it").

[c][ontinuous] [g][lucose] [m][onitor] and its related supplies are covered durable medical equipment[.]" Id. ¶ 78.

On March 23, 2020, the defendant moved to dismiss the plaintiff's Complaint on the basis that "[t]his Court [ ] is not a proper venue for [the] case," although the defendant also noted that he "would not oppose a transfer to the . . . Eastern District of Washington." Def.'s Mot. at 1. Thereafter, the plaintiff, in opposition to the defendant's motion to dismiss, "request[ed] that [his] case be transferred to . . . the Eastern District of Washington." Pl.'s Opp'n at 4. The defendant, in his reply in further support of his motion, represents that "[he] consents to that relief." Def.'s Reply at 1. The defendant's motion to dismiss, including his request in the alternative to transfer this case to the Eastern District of Washington, is the subject of this Order.

## II. DISCUSSION

If a court determines that venue is improper in the district in which a case has been filed, it may either dismiss the case, or "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." See 28 U.S.C. § 1406(a) (2018). The decision of whether to dismiss or transfer a case is committed to the discretion of the court where the suit was improperly filed. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). And, although a court may dismiss a case if the plaintiff's claim suffers from obvious substantive defects, see Buchanan v. Manley, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998), the District of Columbia Circuit favors transfer "when procedural obstacles"—such as "lack of personal jurisdiction, improper venue and statute of limitations bars"—"impede an expeditious and orderly adjudication . . . on the merits," Sinclair v. Kleindienst, 711 F.2d 291, 293–94 (D.C. Cir. 1983) (alteration in original) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962)).

3

Here, although both parties consent to transfer of this case to the United States District Court for the Eastern District of Washington, see Def.'s Mot. at 1 (noting that he "would not oppose a transfer to the . . . Eastern District of Washington"); Def.'s Reply at 1 (representing that he consents to transferring this case to the Eastern District of Washington); Pl.'s Opp'n at 4 (requesting that the Court transfer his case to the Eastern District of Washington), the Court, prior to granting the defendant's motion and transferring this case, must nevertheless determine whether venue is improper in this district and whether this case could have been brought in the Eastern District of Washington. See 28 U.S.C. § 1406(a). The Court addresses each inquiry in turn.

A.     **Whether Venue is Improper in This District**

The defendant argues that the Complaint in this case should be dismissed because the District of Columbia is an improper venue for the plaintiff's Social Security Act claim, see Def.'s Mot. at 5, or, in the alternative, that this case should be transferred to the Eastern District of Washington in the interest of justice, id. at 8. Although the plaintiff, in his Complaint, alleges that "[v]enue is proper in this district pursuant to 42 U.S.C. § 1395ff(b)(2)(C)(iii)[,]" Compl. ¶ 3, he does not contest, in his opposition to the defendant's motion, that venue is improper in the District of Columbia, and he agrees that "this case should be transferred to the Eastern District of Washington[,]" Pl.'s Opp'n at 1. Because the plaintiff has brought claims pursuant to the Social Security Act as well as the APA, see Compl. at 11–15, the Court will address the propriety of venue in this district with respect to both claims in turn.

4

1.     **Social Security Act Claim**

As both parties now correctly note,[3] see Def.'s Mot. at 5; Pl.'s Opp'n at 2, venue for the plaintiff's Social Security Act claim is governed by the Social Security Act's specific venue provision contained in 42 U.S.C. § 405(g), see 42 U.S.C. § 1395ff(b)(1)(A) (authorizing "judicial review of the Secretary's final decision . . . as is provided in section 405(g) of this title").  This venue provision states that such actions shall be brought

> in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).  Here, the plaintiff resides in Chattaroy, Washington, see Compl. at 1; Def.'s Mot. at 3, which is located in the Eastern District of Washington, see About Us, E.D. Wash., https://www.waed.uscourts.gov/about-us (last visited Sept. 22, 2020) (noting that Spokane County is one of the counties that comprises the Eastern District of Washington); WA County Boundaries, Wash. Geospatial Open Data Portal, http://geo.wa.gov/datasets/wadnr::wa-county-boundaries?geometry=-117.434%2C47.886%2C-117.271%2C47.906 (last visited

---

[3] The plaintiff represents that he initially filed suit in this Court "based on a reading of 42 U.S.C. § 1395ff(b)(2)(C)(iii) that allowed for venue in the Secretary's home district[.]" Pl.'s Opp'n at 2; see 42 U.S.C. § 1395ff(b)(2)(C)(iii) (2014) (noting that in cases brought pursuant to this section, a suit may "be brought in the district court of the United States for the judicial district in which the appellant is located . . . or in the District Court for the District of Columbia").  However, "[o]n further review, [the] plaintiff do[es] not dispute that 42 U.S.C. § 405(g)'s venue provision (rather than § 1395ff(b)(2)(C)(iii)'s) is applicable in this case." Pl.'s Opp'n at 2.  The Court agrees.  As the defendant correctly notes,
> 42 U.S.C. § 1395ff(b)(2) concerns "[e]xpedited access to judicial review," which may be obtained only "when a review entity . . . determines that the Departmental Appeals Board does not have the authority to decide the question of law or regulation relevant to the matters in controversy and that there is no material issue of fact in dispute."

Def.'s Mot. at 6 (quoting § 1395ff(b)(2)(A)).  Here, because the plaintiff "simply appealed his claim through the normal administrative process" rather than seeking expedited judicial review, "he may not avail himself of the special venue provision that applies to such cases." Id.

Sept. 22, 2020) (indicating that Chattaroy is in Spokane County).[4]  Consequently, venue as to the plaintiff's Social Security Act claim is improper in this district.  See 42 U.S.C. § 405(g).

2.  **Administrative Procedure Act Claims**

The defendant does not challenge the plaintiff's other APA claims on improper venue grounds, see generally Def.'s Mot., and therefore, the Court assumes that venue is proper in this district as to those claims, see Attkisson v. Holder, 241 F. Supp. 3d 207, 214 (D.D.C. 2017). However, even though venue for the plaintiff's APA claims is proper in this district, the Court will not exercise its discretion to apply the pendent jurisdiction doctrine as to the plaintiff's "improperly-venued" Social Security Act claim.  Yuanxing Liu v. Lynch, No. 14-CV-01516 (APM), 2015 WL 9281580, at *3 (D.D.C. Dec. 8, 2015).  Pursuant to the doctrine of pendent venue, "federal courts may exercise their discretion to hear claims as to which venue is lacking if those claims arise out of a common nucleus of operative facts as the claims that are appropriately venued and the interests of judicial economy are furthered by hearing the claims together." Sierra Club v. Johnson, 623 F. Supp. 2d 31, 37 (D.D.C. 2009).  "However, that doctrine does not apply where, as here, the improperly venued claims are subject to a specific venue statute." Yuanxing Liu, 2015 WL 9281580, at *3; Attkisson, 241 F. Supp. 3d at 214 ("Relying on the pendent venue doctrine where a specific venue provision is applicable is inappropriate because doing so would contravene Congress's clear intent to limit the districts in which certain claims may be heard.").  As the Court has previously explained, under the specific venue provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1395ff(b)(1)(A), venue for the plaintiff's Social Security Act

---

[4] The Court takes judicial notice of information posted on the official public websites of the United States Courts as well as the Washington State Geographic Information Council.  See Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs., 43 F. Supp. 3d 28, 33 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies."); see also Fed. R. Evid. 201(d) (providing that a "court may take judicial notice at any stage of the proceeding").

claim is improper in this district. Accordingly, the Court will not exercise its discretion to apply the pendent venue doctrine as to the plaintiff's Social Security Act claim. See Attkisson, 241 F. Supp. 3d at 214.

**B.     Whether This Case Could Have Been Brought in the Eastern District of Washington**

The Court's conclusions that venue is improper as to the plaintiff's Social Security Act claim and that the pendent venue doctrine is inapplicable does not end its inquiry. Rather, the Court may either dismiss the case, "or if it be in the interest of justice, transfer [the] case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). However, before making this decision, the Court must "decide as a preliminary matter that venue and jurisdiction would be proper as to [the] defendant[]" in the proposed transferee court. Sharp Elecs. Corp. v. Hayman Cash Register Co., 655 F.2d 1228, 1230 (D.C. Cir. 1981).

Clearly, venue is proper in the Eastern District of Washington for the plaintiff's claims. The Eastern District of Washington is a proper venue for the plaintiff's Social Security Act claim pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1395ff(b)(1)(A), which authorize venue for actions seeking judicial review of the Secretary's final decision "in the district court of the United States for the judicial district in which the plaintiff resides[,]" see 42 U.S.C. § 405(g), because, as previously noted, the plaintiff resides in that district, see supra at 4–5. The Eastern District of Washington is also a proper venue for the plaintiff's APA claims pursuant to 28 USC § 1391(e), which governs venue for "civil action[s] in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity[,]" and authorizes venue "in any judicial district in which . . the plaintiff resides[,]" 28 USC § 1391(e), because, again, the plaintiff resides in that district, see Stewart v. Azar, 308 F. Supp. 3d 239, 245 (D.D.C. 2018).

Additionally, the Eastern District of Washington can exercise personal jurisdiction over the defendant. Because the defendant requests transfer to the Eastern District of Washington, see Def.'s Mot. at 3 (noting that "[t]his Court . . . is not a proper venue for [the plaintiff's] case[,]" and that "[t]he Secretary would not oppose a transfer to the United States District Court for the Eastern District of Washington"), this suggests that the defendant consents to being sued in that district and that the Eastern District of Washington can exercise personal jurisdiction over him, see Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002) ("[B]y stating that . . . venue is proper in [ ] [another] [d]istrict, the defendants suggest that they may be found in that jurisdiction." (citation omitted)).

With the prerequisites of venue and the ability to exercise personal jurisdiction over the defendant being satisfied if this case is transferred to the Eastern District of Washington, the Court concludes that, rather than dismissing the plaintiff's claims, it should transfer this entire case, for the convenience of the parties and in the interest of justice, to the Eastern District of Washington.[5] Rather than bifurcating the litigation of this case by retaining the plaintiff's APA claims and transferring only his Social Security Act claim, the plaintiff's entire case will be transferred to the Eastern District of Washington for the sake of judicial efficiency and conservation of the parties' resources. See Sierra Club, 623 F. Supp. 2d at 38 ("[T]ransferring all of the claims to the same forum assures that they will be heard together, preventing the unnecessary expenditure of judicial and party resources that would otherwise occur if the claims were heard in multiple judicial districts."). Accordingly, it is hereby

---

[5] The Court notes that these reasons also support transferring this case to the Eastern District of Washington pursuant to 28 U.S.C. § 1404(a) (2018), based on both parties' consent. See Pl.'s Opp'n at 4 (indicating that the plaintiff "request[s] that [his] case be transferred to . . . the Eastern District of Washington"); Def.'s Reply at 1 (indicating that that "[t]he [defendant] consents to that relief"); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any district or division to which all parties have consented." (emphasis added)).

**ORDERED** that the Defendant's Motion to Dismiss for Lack of Venue and to Dismiss Certain Claims, ECF No. 11, is **GRANTED IN PART AND DENIED IN PART AS MOOT WITHOUT PREJUDICE**.  The motion is **GRANTED** to the extent that it seeks to transfer this case to the United States District Court for the Eastern District of Washington. The motion is **DENIED AS MOOT WITHOUT PREJUDICE** in all other respects.  It is further

**ORDERED** that the Plaintiff's Motion for Summary Judgment, ECF No. 2, is **DENIED AS MOOT WITHOUT PREJUDICE**.  It is further

**ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of Washington.  It is further

**ORDERED** that the Clerk of the Court shall forthwith **TERMINATE** all remaining deadlines in this case and **TRANSFER** the case file to the United States District Court for the Eastern District of Washington.  It is further

**ORDERED** that the case on this Court's docket is **CLOSED**.

**SO ORDERED** this 9th day of October, 2020.

REGGIE B. WALTON
United States District Judge

9